IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01340-PAB-MJW

TIMOTHY DOTY,

Plaintiff(s),

v.

CITY AND COUNTY OF BROOMFIELD,
SGT. MIKE JONES, and
STACEY JASPER,

Defendant(s).

---

**ORDER REGARDING**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**
**(DOCKET NO. 70)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Leave to Amend the Complaint (docket no. 70). The court has reviewed the subject motion (docket no. 70) and the response (docket no. 73). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;
2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff contends that the Broomfield Detention Center and two of its officers [i.e., Officers Jones and Jasper] failed to provide him with adequate medical care for his undiagnosed and untreated seizure condition. In reviewing the original Complaint (docket no. 1), Plaintiff asserts claims against Jones and Jasper for violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983 as well as a municipal liability claim against the City and County of Broomfield alleging that it ratified Jones' unconstitutional conduct;

5. That the deadline to amend the pleadings was September 21, 2012. See Scheduling Order dated August 1, 2012 (docket no. 17);

6. That the Defendants agreed to extend the May 1, 2013, discovery deadline in order for Plaintiff to take the Rule 30(b)(6) deposition of Defendant City and County of Broomfield, which was completed on May 16, 2013;

7. That on May 3, 2013, Defendants filed their Combined Motion and Memorandum Brief in Support of Motion for Summary Judgment (docket no. 60). The Motion for Summary Judgment seeks dismissal of all claims as a matter of law and specifically highlighted that Plaintiff based his only municipal liability claim on a ratification theory. This motion (docket no. 60) is fully briefed. The Response

(docket no. 68) was filed on June 10, 2013, and the Reply (docket no. 72) was filed on June 27, 2013;

8. That on June 6, 2013, I conducted a Final Pretrial Conference and entered a Final Pretrial Order (docket no. 66). In paragraph 3. in the Final Pretrial Order, Plaintiff made amendments to his claims to which Defendants raised contemporaneous objections at the Final Pretrial Conference. I noted these Objections on the Final Pretrial Order in paragraph 3. See page 3 of the Final Pretrial Order (docket no. 66). I informed the parties that they could address these Objections with Judge Brimmer since he would be the trial judge presiding over the trial on the merits;

9. That on June 14, 2013, the Plaintiff filed the subject motion (docket no. 70) seeking to amend the Complaint to conform to what Plaintiff argues is newly-discovered evidence obtained during the Rule 30(b)(6) deposition taken on May 16, 2013. In essence, the proposed Amended Complaint modifies Plaintiff's municipal Liability claim from a theory that Defendant City and County of Broomfield ratified Defendants Jones and/or Jasper's alleged unconstitutional conduct to a theory that a custom or practice at the Broomfield Detention Center was the moving force behind the purported constitutional violation. See proposed Amended Complaint at paragraphs 36 and 37;

10. That Plaintiff did have information about the averments made in paragraphs 25 through 40 in the proposed Amended Complaint as of December 10, 2012, when Plaintiff took the depositions of Defendants Jones and Jasper. Moreover, the averments made in paragraphs 25, 26, 27, 28, and 29 of the proposed Amended Complaint can be found in the original Complaint in paragraphs 22, 23, 24, and 27. In addition, paragraphs 28 and 29 in the proposed Amended Complaint include information that Plaintiff learned from the depositions of Defendants Jones and Jasper on December 10, 2012. See Response (docket no. 73) - attached deposition transcripts of Defendant Jones and Jasper (docket nos. 73-1 and 73-2). Also, exhibits A, B, C. D, E, F, and G attached to the Response (docket no. 73) provide additional evidence to show that Plaintiff had the information about the averments made in paragraphs 25 through 40 in the proposed Amended Complaint as of December 10, 2012. Furthermore, the averments made in paragraphs 38, 39, 39 (#2), and 40 in the proposed Amended Complaint can be found in the original Complaint at paragraphs 29, 30, 33, and 34. Accordingly, I find that Plaintiff knew of the information supporting these averments outlined in the proposed Amended Complaint as of December 10, 2012;

11. That the subject motion (docket no. 70) was filed approximately

nine months after the deadline to amend the pleadings;

12. That the subject motion (docket no. 70) was filed well after the close of discovery;

13. That the subject motion (docket no. 70) was filed after the filing of Defendant's Motion for Summary Judgment (docket no. 60) which is fully briefed and ripe for ruling before Judge Brimmer;

14. That the subject motion (docket no. 70) was filed after entry of the Final Pretrial Order. The Final Pretrial Order was entered by this court on June 6, 2013. See docket no. 66;

15. That the motion is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does

> not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).

The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).

16. That the subject motion (docket no. 70) is untimely, and Defendants would be suffer prejudice if this court would allow such a late amendment to the Complaint;

17. That Plaintiff has failed to demonstrate "good cause" under Fed. R. Civ. P. 16(b); and

18. That Plaintiff has also failed to demonstrate "excusable neglect," in particular, since the Plaintiff was aware of the information which is the basis of his Motion to Amend as of December 10, 2012. See Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion for Leave to Amend the Complaint (docket no. 70) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 10th day of July, 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE