IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01340-PAB-MJW

TIMOTHY DOTY,

    Plaintiff,

v.

STACEY JASPER,

    Defendant.

---

# ORDER

---

This matter comes before the Court on Plaintiff's Motion in Limine [Docket No. 82]. The Court addressed this motion at the trial preparation conference on October 7, 2013. Since the October 7 hearing, the parties have briefed certain topics. The Court now rules on certain issues that were not resolved at the hearing.

## I. ANALYSIS

### A. Plaintiff's Past Drug Use

Plaintiff seeks to exclude any references to plaintiff's past drug use. In response, defendant argues that Dr. Bruce L. Morgenstern's report, *see* Docket No. 104-1, "references Plaintiff's history of substance abuse in opining that 'Mr. Doty had some pre-existing difficulty with impulsivity, propensity for substance abuse and probably some degree of abnormal executive dysfunction and planning, even prior to his severe traumatic brain injury in 1985.'" Docket No. 104 at 1. Defendant further argues that Dr. Morgenstern relies on "Plaintiff's convictions for drug related offenses as

evidence of frontal lobe dysfunction which predated his alleged fall from an upper bunk." *Id.* at 1-2.

Dr. Morgenstern notes plaintiff's history of expulsions from high school and arrests before the 1985 brain injury in five numbered paragraphs on page three of his report. Docket No. 104-1 at 3. The second numbered paragraph mentions that Mr. Doty "failed to graduate High School due to excessive alcohol use." The fourth paragraph refers to Mr. Doty being in jail in 1984 "presumably on drug-related charges." The fifth paragraph states that the plaintiff was incarcerated on drug-related charges in 1985. From this evidence, Dr. Morgenstern concludes that the plaintiff had a "propensity for substance abuse." Other than the mention of excessive alcohol use causing plaintiff not to graduate from high school, Dr. Morgenstern's report does not refer to the type or amount of drugs that the plaintiff ingested before his 1985 brain injury. Moreover, incarceration on "drug-related charges" is not evidence that the plaintiff was convicted of using drugs or, if convicted, that the charge involved the use as opposed to the sale of drugs. From this evidence, there is no basis for concluding that plaintiff had a "propensity for substance abuse" before the head injury in 1985. As such, the virtually non-existent probative value of this opinion is substantially outweighed by the risk of undue prejudice to plaintiff under Fed. R. Evid. 403. Plaintiff's motion in limine will be granted as to that conclusion in Dr. Morgenstern's report.[1]

---

[1]Defendant argues that the Court should deny plaintiff's motion in limine because plaintiff did not file a motion pursuant to Federal Rule of Evidence 702. Docket No. 104 at 2, ¶ 3. However, defendant, as the proponent of Dr. Morgenstern's opinion, has the burden of establishing that Rule 702 is satisfied. *See Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013). In any event, nothing in the Federal Rules of Evidence precludes plaintiff from raising an objection under Rule 403.

The report does not refer to additional drug use by plaintiff and therefore Dr. Morgenstern will presumably not otherwise refer to plaintiff's drug use.

### B.  Plaintiff's Criminal History

Plaintiff also moves in limine to preclude the defendant from referring to plaintiff's criminal history.  In response, the defendant has submitted Docket No. 106, which lists those portions of the plaintiff's criminal history that she intends to introduce at trial.

The defendant lists seven convictions that she intends to use for impeachment. *Id*. at 2-4.  The first six convictions took place between 1984 and 1999.  Defendant acknowledges that, pursuant to Fed. R. Evid. 609(b), more than ten years have passed since these convictions or releases from confinement and therefore she may only use such convictions for impeachment if their probative value, "supported by specific facts and circumstances," substantially outweighs their prejudicial effect and the defendant has provided reasonable written notice to the plaintiff.

Defendant appears to argue that the convictions have probative value because the detention officer witnesses "will refute [plaintiff's] testimony at trial."  Docket No. 106 at 4.  However, probative value refers to whether the nature of a particular conviction is probative of the witness's credibility, despite its age.  Weinstein's Federal Evidence (2d ed. 2008) § 609.06[1]; *United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1571 (10th Cir. 1993) (no specific facts or circumstances supported use of 16 year old conviction). Defendant does not attempt to meet this standard as to any of the six older convictions. She admits that she does not have knowledge of the underlying facts leading to plaintiff's convictions for theft or burglary and fails to provide any specific facts or circumstances for the other older convictions.  Moreover, while plaintiff's convictions for

theft by fraud would be appropriate for impeachment if more recent, the fact that plaintiff has not had any similar conviction for 25 years reinforces the purpose of the rule to limit the use of convictions which, due to age, are no longer probative of credibility. Thus, the Court grants the plaintiff's motion in limine as to any use of plaintiff's convictions that are over ten years old.

Defendant also intends to use defendant's 2009 drug possession conviction for impeachment. Not only is this conviction within the ten year period, but the fact of his arrest and service of sentence are already part of this case. The jury will appropriately learn of his arrest and that, following a conviction, he was sent to the jail to serve a sentence. The probative value of impeachment with this conviction is not substantially outweighed by prejudicial effect to the plaintiff. The plaintiff's motion in limine is denied as to the use of this conviction for impeachment purposes.

Defendant intends to introduce certain convictions referred to in Dr. Morgenstern's report for purposes other than impeachment. Dr. Morgenstern claims that plaintiff's frontal lobe dysfunction caused by his 1985 fall is "strongly suggested" by certain aspects of plaintiff's criminal history. Dr. Morgenstern's report then cites a number of plaintiff's "incarcerations" that vary in terms of dates and types of convictions from those that defendant lists in Docket No. 106. This variance strongly suggests the inaccuracy of Dr. Morgenstern's understanding of plaintiff's criminal history and therefore its unreliability in drawing an association between brain damage and such history. Moreover, Dr. Morgenstern cites no research that supports an inference that a person's criminal history is probative of frontal lobe dysfunction and, in any event, even a strong suggestion of such is substantially outweighed by the danger of undue

prejudice to the plaintiff through the introduction of convictions which would otherwise be excluded by Fed. R. Evid. 609(b).  Finally, the defendant does not argue that information about the plaintiff's criminal history is necessary for Dr. Morgenstern to diagnose the plaintiff with frontal lobe dysfunction related to the 1985 fall.  Rather, Dr. Morgenstern says that such injury is "documented in multiple subsequent CT scans."  Docket No. 104-1 at 1.  Thus, there is little probative value to Dr. Morgenstern's use of plaintiff's criminal history to illustrate plaintiff's indifference to social consequences and lack of drive and executive planning.  See id. at 5.  The Court will grant plaintiff's motion in limine as to any reference by Dr. Morgenstern, whether generally or specifically, to the convictions or arrests referred to on page five of his report.

### C.  Periods of Imprisonment

Plaintiff moves to exclude any reference to plaintiff's periods of imprisonment.  Defendant notes that plaintiff served a 12 year sentence between 1988 and 1999 for convictions for fraud by check and theft and that, shortly after his release from the Colorado Department of Corrections in 1999, plaintiff was convicted of possession of narcotics and was sentenced to three more years in prison.  Docket No. 106 at 2.  At the hearing, the defendant claimed that it was inevitable that the jury would learn that the plaintiff had been in prison.  The defendant intends to admit certain medical records from the Department of Corrections, but failed to explain why it is necessary to inform the jury that such records were generated during a period of incarceration and why she could not redact the records to exclude references to prison without compromising the medical information they contain.

In addition, defendant believes that the plaintiff's periods of imprisonment establish a pattern of intermittent work history that is relevant to plaintiff's lost wage claim. However, it is unclear why defendant needs to inform the jury that the plaintiff has been imprisoned in the past as opposed to simply informing the jury that plaintiff has had few jobs during that period. It is also unclear whether any witnesses called by defendant will claim that, because the defendant has been imprisoned in the past, it is likely that he will be imprisoned in the future and, if so, the basis of that opinion. Lacking information to rule, the Court will deny this aspect of plaintiff's motion in limine without prejudice to plaintiff objecting at trial. The defendant is also ordered to approach the bench before she attempts to introduce such evidence.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion in Limine [Docket No. 82] is GRANTED in part and DENIED in part.

DATED October 16, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge